UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **THE COLONIAL BANCGROUP, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Colonial Bank,**<br><br>Defendant. | Case No. 2:10-cv-0198 (MHT) |

## ANSWER

Defendant Federal Deposit Insurance Corporation, as receiver for Colonial Bank (the "FDIC-Receiver"), for its answer to the amended complaint filed on May 28, 2010 in this action (the "Complaint") by plaintiff The Colonial BancGroup, Inc. (the "Debtor" or "BancGroup"), upon knowledge for itself and its own actions and upon information and belief as to all other matters, avers as follows:

1. Admits the allegations of paragraph 1 of the Complaint.

2. Admits that BancGroup owned the outstanding capital stock of Colonial Bank and upon information and belief admits that BancGroup also owned the capital stock of certain non-bank subsidiaries. Denies any remaining allegations of paragraph 2 of the Complaint.

3. Admits that the Federal Deposit Insurance Corporation (the "FDIC" or "FDIC-Corporate") is an independent agency of the government of the United States of America that, among other things, is charged by law with administering a system of federal deposit insurance and acts pursuant to the Federal Deposit Insurance Act, among other laws. The FDIC-Receiver

acts in a separate capacity from FDIC-Corporate. The remaining allegations of paragraph 3 of the Complaint state legal conclusions as to which no response is required.

4. Paragraph 4 of the Complaint states legal conclusions as to which no response is required.

5. Paragraph 5 of the Complaint states legal conclusions as to which no response is required.

6. Paragraph 6 of the Complaint states legal conclusions as to which no response is required, but to the extent plaintiff purports to reserve certain rights thereunder, the FDIC-Receiver denies the validity of such reservation of rights.

7. Paragraph 7 of the Complaint states legal conclusions as to which no response is required, but to the extent plaintiff purports to reserve certain rights thereunder, the FDIC-Receiver denies the validity of such reservation of rights.

8. Admits that by order of the State of Alabama Banking Department dated August 14, 2009, Colonial Bank was closed and the FDIC-Receiver was appointed as its receiver. By operation of law, the FDIC-Receiver thereby succeeded to:

> (i) all rights, titles, powers, and privileges of the insured depository institution, and of any stockholder, member, accountholder, depositor, officer, or director of such institution with respect to the institution and the assets of the institution; and
>
> (ii) title to the books, records, and assets of any previous conservator or other legal custodian of such institution.

12 U.S.C. § 1821(d)(2)(A). Denies the remaining allegations of paragraph 8 of the Complaint.

9. Denies the allegations of paragraph 9 of the Complaint.

10. States that the FDIC-Receiver and FDIC-Corporate entered into a Purchase and Assumption Agreement, Whole Bank, dated as of August 14, 2009 (the "P&A Agreement") with

2

Branch Banking & Trust Company ("BB&T"), as amended, and refers to the P&A Agreement for its terms.  Denies any remaining allegations in paragraph 10 of the Complaint.

11. Denies the allegations of paragraph 11 of the Complaint except refers to the P&A Agreement for its terms.

12. Admits the allegations of paragraph 12 of the Complaint.

13. Admits that the FDIC-Receiver established November 19, 2009 as the deadline for filing receivership claims with respect to Colonial Bank in accordance with 12 U.S.C. § 1821(d).  Denies any remaining allegations in paragraph 13 of the Company.

14. Admits that BancGroup filed a proof of claim with the FDIC-Receiver on November 19, 2009.  Denies any remaining allegations in paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint states legal conclusions as to which no response is required.

16. Denies the allegations in paragraph 16 of the Complaint.

17. Admits that BancGroup has purported to reserve certain rights to amend its proof of claim or the Complaint, denies the validity of any such reservation of rights and reserves all defenses to any such attempt to amend either document.

18. For its response to paragraph 18 of the Complaint, the FDIC-Receiver refers for its contents to BancGroup's receivership proof of claim.

19. Admits the allegations in paragraph 19 of the Complaint.

20. For its response to paragraph 20 of the Complaint, the FDIC-Receiver refers for its contents to the disallowance letter that is reproduced as Exhibit A to the Complaint.

21. Denies the allegations in paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint states legal conclusions as to which no response is required.

23. For its response to paragraph 23 of the Complaint, the FDIC-Receiver refers for its contents to BancGroup's receivership proof of claim.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint.

26. Denies the allegations in paragraph 26 of the Complaint.

27. Denies the allegations in paragraph 27 of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint.

31. Denies the allegations in paragraph 31 of the Complaint.

32. Denies the allegations in paragraph 32 of the Complaint and reserves all of its defenses to any such claim.

33. Denies the allegations in paragraph 33 of the Complaint and reserves all of its defenses to any such claim.

34. Denies the allegations in paragraph 34 of the Complaint.

35. Denies the allegations in paragraph 35 of the Complaint.

36. Denies the allegations in paragraph 36 of the Complaint except states that the FDIC-Receiver reserves all of its rights under applicable law to apply for payment of tax refunds on behalf of Colonial Bank and its subsidiaries by any relevant taxing authority.

37. Denies the allegations in paragraph 37 of the Complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 38 of the Complaint. Denies the remaining allegations in paragraph 38 of the Complaint and reserves all of its defenses to any such claim.

39. Denies the allegations in paragraph 39 of the Complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of paragraph 40 of the Complaint. Denies the allegations in the third sentence of paragraph 40 of the Complaint.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint and avers that, in any event, Colonial Bank was the owner of all or substantially all of any federal tax refund paid to it in or around June 2009.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Complaint.

43. Denies the allegations in paragraph 43 of the Complaint and reserves all of its defenses with respect to any such claim.

44. Admits that as of August 14, 2009 CBG Florida REIT Corp. was a Florida corporation that was qualified as a real estate investment trust under the Internal Revenue Code of 1986, as amended and was an indirect subsidiary of Colonial Bank. Denies knowledge or information sufficient to form a belief as to any remaining allegations in paragraph 44 of the Complaint.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint.

46. Admits that CBG Florida REIT Corp. issued $300,000,000 Fixed to Floating Rate Perpetual Non-Cumulative Preferred Stock, Class A, Series A (the "REIT Preferred Securities") pursuant to a confidential offering circular dated May 15, 2007 and refers to the offering circular and the governing transactional documents for the terms of those securities.

47. Admits that by letter dated August 10, 2009, the Atlanta regional office of the FDIC provided notice to CBG Florida REIT Corp., Colonial Bank, BancGroup and others, that an "Exchange Event" had occurred with respect to the REIT Preferred Securities and refers to that letter for its contents. Denies any remaining allegations in paragraph 47 of the Complaint.

48. Admits the allegations in the first sentence of paragraph 48 of the Complaint, except states that the effective time occurred at 8:00 a.m. Eastern <u>Daylight</u> Time on August 11, 2009. Upon information and belief, admits that as of the time of the Exchange Event the REIT Preferred Securities were entitled to an aggregate liquidation preference of $300,000,000 under the relevant governing documents.

49. Denies the allegations of paragraph 49 of the Complaint.

50. Denies the allegations of paragraph 50 of the Complaint.

51. Denies the allegations in paragraph 51 of the Complaint and reserves all of its defenses with respect to any such claim.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint.

53. No response is required to paragraph 53 of the Complaint, but the FDIC-Receiver denies that BancGroup has been denied access to books and records.

54. Paragraph 54 of the Complaint states legal conclusions as to which no response is required, but denies the allegations contained in that paragraph to the extent any response is deemed to be required.

55. Denies the allegations in paragraph 55 of the Complaint and reserves all of its defenses to any such claim.

56. Denies the allegations in paragraph 56 of the Complaint and reserves all of its defenses to any such claim.

57. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the Complaint.

58. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the Complaint.

59. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 59 of the Complaint. Denies the remaining allegations in that paragraph and reserves all of its defenses with respect to any such claim.

60. Denies the allegations in paragraph 60 of the Complaint except admits that upon its appointment as the receiver for Colonial Bank, the FDIC-Receiver succeeded by operation of law to:

> (i) all rights, titles, powers, and privileges of the insured depository institution, and of any stockholder, member, accountholder, depositor, officer, or director of such institution with respect to the institution and the assets of the institution; and
>
> (ii) title to the books, records, and assets of any previous conservator or other legal custodian of such institution.

12 U.S.C. § 1821(d)(2)(A).

61. Denies the allegations in paragraph 61 of the Complaint.

62. Denies the allegations in paragraph 62 of the Complaint.

63. Denies the allegations in paragraph 63 of the Complaint and reserves all of its defenses with respect to any such claim.

64. Admits upon information and belief that the balances as of August 14, 2009 in certain accounts with Colonial Bank in the name of BancGroup were as stated in paragraph 64 of the Complaint. Denies any remaining allegations in paragraph 64 of the Complaint.

65. For its response to paragraph 65 of the Complaint, refers to the P&A Agreement for its terms and denies any remaining allegations in that paragraph.

66. Denies the allegations in paragraph 66 of the Complaint.

67. Denies the allegations in paragraph 67 of the Complaint except admits that BB&T is acting as custodian of the alleged deposit balances subject to the FDIC-Receiver's rights under the P&A Agreement and that the exercise of such rights is the subject of a motion by the FDIC-Receiver that is pending before the United States Bankruptcy Court for the Middle District of Alabama.

68. Admits the allegations in the first sentence of paragraph 68 of the Complaint and avers that the FDIC-Receiver consented to the release of $1,425,000 from the alleged operating account to BancGroup. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of that paragraph.

69. Admits upon information and belief that the balances held as of August 25, 2009 in certain accounts in the name of BancGroup were as stated in paragraph 69 of the Complaint and that BB&T was acting as custodian of the alleged deposit balances subject to the FDIC-Receiver's rights under the P&A Agreement. Denies any remaining allegations in paragraph 69 of the Complaint.

70. Denies the allegations in paragraph 70 of the Complaint.

71. Denies the allegations in paragraph 71 of the Complaint and reserves all of its defenses with respect to any such claim.

72. Denies the allegations in paragraph 72 of the Complaint and reserves all of its defenses with respect to any such claim.

73. Denies the allegations in paragraph 73 of the Complaint and reserves all of its defenses with respect to any such claim.

74. Denies the allegations in paragraph 74 of the Complaint.

75. Denies the allegations in paragraph 75 of the Complaint.

76. Denies the allegations in paragraph 76 of the Complaint and further avers that the FDIC-Receiver cannot be held liable for BancGroup's litigation judgments with respect to the insurance policies for which BancGroup decided to seek Bankruptcy Court relief.

77. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 of the Complaint.

78. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 of the Complaint.

79. Denies knowledge or information sufficient to form a belief as to truth of the allegations in the last sentence of paragraph 79 of the Complaint.  Denies the remaining allegations in paragraph 79 of the Complaint and reserves all of its defenses with respect to any such claim.

80. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 of the Complaint.

81. Denies the allegations in paragraph 81 of the Complaint and reserves all of its defenses with respect to any such claim.

82. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 of the Complaint.

83. For its response to paragraph 83 of the Complaint, the FDIC-Receiver refers to the referenced insurance policies for their terms.

84. Denies the allegations in paragraph 84 of the Complaint and reserves all of its defenses with respect to any such claim.

85. Denies the allegations in paragraph 85 of the Complaint and reserves all of its defenses with respect to any such claim.

86. For its response to paragraph 86 of the Complaint, the FDIC-Receiver refers to BancGroup's bylaws for their terms.

87. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 of the Complaint.

88. Denies the allegations in paragraph 88 of the Complaint and reserves all of its defenses with respect to any such claim.

89. Denies the allegations in paragraph 89 of the Complaint and reserves all of its defenses with respect to any such claim.

90. Denies the allegations in paragraph 90 of the Complaint.

91. Denies the allegations in paragraph 91 of the Complaint and reserves all of its defenses with respect to any such claim.

92. Admits that the FDIC-Receiver has asserted in a protective proof of claim filed in BancGroup's chapter 11 bankruptcy case that the FDIC-Receiver has an ownership interest in certain improved property located at 715 North Garland Avenue, Orlando, Florida  38201 on

10

which a Colonial Bank was located prior to the receivership. No response is required to the remaining allegations in paragraph 92 of the Complaint.

93. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93 of the Complaint.

94. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94 of the Complaint.

95. Admits the first sentence of paragraph 95 of the Complaint. Denies the allegations in the remainder of paragraph 95 of the Complaint and reserves all of its defenses with respect to any such claim.

96. Denies the allegations in paragraph 96 of the Complaint and reserves all of its defenses with respect to any such claim.

97. Admits the allegations in the first sentence of paragraph 97 of the Complaint. Admits that BancGroup purports to assert the claim set forth in the remainder of paragraph 97 of the Complaint and reserves all of its defenses with respect to any such claim.

98. For its response to paragraph 98 of the Complaint, the FDIC-Receiver refers to and incorporates by reference its response to paragraph 14 of the Complaint as if fully restated herein.

99. For its response to paragraph 99 of the Complaint, the FDIC-Receiver refers to its letter to BancGroup dated January 6, 2010 for its contents.

100. For its response to paragraph 100 of the Complaint, the FDIC-Receiver refers to its letter to BancGroup dated January 6, 2010 for its contents.

101. Denies the allegations in paragraph 101 of the Complaint.

102. For its response to paragraph 102 of the Complaint, the FDIC-Receiver refers to its letter to BancGroup dated January 6, 2010 for its contents.

103. Denies the allegations in paragraph 103 of the Complaint.

104. For its response to paragraph 104 of the Complaint, the FDIC-Receiver refers to its letter to BancGroup dated January 6, 2010 for its contents.

105. Admits the allegations in paragraph 105 of the Complaint.

106. Admits the allegations in paragraph 106 of the Complaint.

107. Paragraph 107 of the Complaint states a legal conclusion as to which no response is required.

108. Denies the allegations in paragraph 108 of the Complaint.

109. Paragraph 109 of the Complaint states a legal conclusion as to which no response is required.

110. Denies the allegations in paragraph 110 of the Complaint.

111. Paragraph 111 of the Complaint states legal conclusions as to which no response is required.

112. Paragraph 112 of the Complaint states legal conclusions as to which no response is required.

113. For its response to paragraph 113 of the Complaint, the FDIC-Receiver refers to its letter to BancGroup dated January 6, 2010 for its contents. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph 113 of the Complaint.

114. Refers to and incorporates by reference its responses to paragraphs 1 through 113 of the Complaint as if fully restated herein.

115. Paragraph 115 of the Complaint states legal conclusions as to which no response is required.

116. Denies the allegations in paragraph 116 of the Complaint.

117. Refers to and incorporates by reference its responses to paragraphs 1 through 116 of the Complaint as if fully restated herein.

118. Denies the allegations in paragraph 118 of the Complaint.

119. Denies any allegation in the Prayer for Relief, and each and every paragraph thereunder.

120. Denies any remaining allegations in the Complaint.

## DEFENSES

The FDIC-Receiver states the following defenses without assuming the burden of proof as to any issue for which the burden is placed on another party. The FDIC-Receiver lacks knowledge or information sufficient to form a belief as to whether it has other, as yet unstated, defenses. The FDIC-Receiver reserves the right to assert, and hereby gives notice that it intends to rely upon, any other defense that may become available or appear during discovery or otherwise and reserves the right to amend its Answer to assert any such defense.

## First Defense

This Court lacks subject matter jurisdiction over some or all of the claims asserted in the Complaint.

## Second Defense

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### Third Defense

Plaintiff lacks standing to assert some or all of its claims.

### Fourth Defense

To the extent applicable, plaintiff fails to satisfy the requirements for entry of a declaratory judgment under Federal Rule of Civil Procedure 57 and the Declaratory Judgment Act, 28 U.S.C. § 2201.

### Fifth Defense

Plaintiff's claims are barred under 12 U.S.C. § 1821(j) to the extent they seek to restrain or affect the exercise of powers or functions of the FDIC-Receiver.

### Sixth Defense

To the extent not raised in its receivership proof of claim, plaintiff's claims are barred under 12 U.S.C. § 1821(d).

### Seventh Defense

Plaintiff's claims are barred, in applicable part, by 12 U.S.C. § 1821(d)(13)(D).

### Eighth Defense

Plaintiff's claims are barred, in applicable part, by 11 U.S.C. § 365(o).

### Ninth Defense

Plaintiff's claims are barred, in applicable part, by 12 U.S.C. § 1828(u).

### Tenth Defense

Plaintiff received reasonably equivalent value in exchange for any transfers made by or on behalf of Colonial Bank. In the alternative, Colonial provided fair consideration in good faith in exchange for such transfers.

## Eleventh Defense

Plaintiff's claims are barred, in applicable part, under 12 U.S.C. § 1821(d)(17) and/or other applicable law governing fraudulent transfers.

## Twelfth Defense

Plaintiff's claims are barred, in applicable part, under 12 U.S.C. § 1823(e), 12 U.S.C. § 1821(d)(9), or the statute of frauds.

## Thirteenth Defense

Plaintiff's claims are barred, in applicable part, under the Federal Tort Claims Act.

## Fourteenth Defense

Plaintiff's claims are barred, in whole or in part, by estoppel.

## Fifteenth Defense

Plaintiff's claims are barred, in whole or in part, by waiver.

## Sixteenth Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## Seventeenth Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## Eighteenth Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of *in pari delicto*.

## Nineteenth Defense

Plaintiff's claims are barred, in whole or in part, by BancGroup's participation in, approval of or ratification of the conduct upon which the claims are based.

### **Twentieth Defense**

Plaintiff has suffered no legally cognizable damages caused by any conduct of the FDIC-Receiver.

### **Twenty-first Defense**

The acts or omissions of the FDIC-Receiver did not proximately cause any of plaintiff's alleged damages or harm.

### **Twenty-second Defense**

Plaintiff's claims are barred, in whole or in part, by payment.

### **Twenty-third Defense**

Plaintiff's claims are barred, in applicable part, under the Internal Revenue Code and the rules, regulations, rulings and opinions promulgated thereunder.

### **Twenty-fourth Defense**

Plaintiff's claims are barred, in part, by the applicable statute of limitations.

## PRAYER FOR RELIEF

WHEREFORE, the FDIC-Receiver respectfully requests that the Court enter judgment dismissing with prejudice all of plaintiff's claims against the FDIC-Receiver, together with costs and attorneys' fees, and granting the FDIC-Receiver such other and further relief as the Court may deem just and proper.

Dated:  Montgomery, Alabama
        June 25, 2010

Of Counsel:

Kathryn R. Norcross
Senior Counsel

Jeffrey E. Schmitt
Counsel

Federal Deposit Insurance Corporation
3501 Fairfax Drive
Arlington, Virginia  22226
(703) 562-2429

Respectfully submitted,

  /s/ Michael A. Fritz, Sr.
Michael A. Fritz, Sr.
Fritz & Hughes LLC
7020 Fain Park Drive Suite 1
Montgomery, Alabama  36117
(334) 215-4422

- and -

Thomas R. Califano
John J. Clarke, Jr.
Michael D. Hynes
Spencer Stiefel
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York  10020-1104
Telephone:    212-335-4500
Facsimile:    212-335-4501

Attorneys for the
  Federal Deposit Insurance Corporation
  as Receiver for Colonial Bank

CERTIFICATE OF SERVICE

I, Michael A. Fritz, Sr., certify that I have served a copy of the foregoing Motion on the following parties by either electronic mail or placing same in the United States Mail, postage prepaid and properly addressed, this the 25th day of June, 2010.

C. Edward Dobbs
Attorney for The Colonial BancGroup, Inc.

        /s/ Michael A. Fritz, Sr.
Michael A. Fritz, Sr.