UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

---------------------------------------------------------x
:
:
**THE COLONIAL BANCGROUP, INC.,** :
:
    **Plaintiff,** :
:
v. : Case No. 2:10-cv-00198
:
**FEDERAL DEPOSIT INSURANCE** :
**CORPORATION, AS RECEIVER FOR** :
**COLONIAL BANK,** :
:
    **Defendant.** :
:
---------------------------------------------------------x

## JOINT MOTION TO MODIFY SCHEDULING ORDER

Plaintiff The Colonial BancGroup, Inc. ("BancGroup") and defendant Federal Deposit Insurance Corporation, as receiver for Colonial Bank (the "FDIC-Receiver"), respectfully move the Court (the "Motion") to modify the scheduling order in the above-captioned civil action (the "Scheduling Order") [Doc. No. 28] by moving the trial date for this proceeding from the Court's July 2011 trial term to the Court's October 2011 trial term, with a concomitant extension of the current pre-trial conference date of June 16, 2011 and certain other discovery dates. In support of this Motion, BancGroup and the FDIC-Receiver state as follows:

### Background

1. On August 14, 2009, Colonial Bank was closed by the Alabama State Banking Department, and the FDIC-Receiver was appointed as its receiver. Upon its appointment as receiver, pursuant to 12 U.S.C. § 1821(d)(2)(A)(i), the FDIC-Receiver succeeded, *inter alia*, to all rights, titles, powers, and privileges of the bank.

2. On August 25, 2009 (the "Petition Date"), BancGroup filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of

Alabama, Northern Division (the "Bankruptcy Court"). BancGroup is a corporation formed under the laws of the State of Delaware and, prior to the Petition Date, was headquartered and conducted business at 100 Colonial Bank Boulevard, Montgomery, Alabama 36117. BancGroup was the holding company for Colonial Bank prior to the order closing Colonial Bank.

3. On November 19, 2009, BancGroup filed a proof of claim in the receivership proceeding for Colonial Bank. On January 6, 2010, the FDIC-Receiver disallowed BancGroup's proof of claim.

4. On March 5, 2010, BancGroup filed the Complaint in this action contesting the FDIC-Receiver's disallowance of BancGroup's proof of claim. On May 28, 2010, BancGroup amended the Complaint in this Court [Doc. No. 20]. On June 25, 2010, the FDIC-Receiver filed its answer to the amended Complaint [Doc. No. 22], and, with BancGroup's written consent, amended its answer on October 26, 2010 [Doc. No. 37].

5. In July of 2010, the parties submitted a joint scheduling report and proposed discovery plan. Thereafter, the Court entered the Scheduling Order. To date, the parties have made three joint requests to the Court to amend Section 4 of the Scheduling Order relating to the deadline to amend pleadings or add parties in this matter. As amended, the Scheduling Order now provides that the deadline to amend pleadings or add parties is January 20, 2011. The Scheduling Order's deadlines otherwise remain the same.

**Relief Requested**

6. By this Motion, BancGroup and the FDIC-Receiver request a broader modification of the Scheduling Order, including movement of the trial date in connection therewith.

7. BancGroup and the FDIC-Receiver seek a change in the current trial term of July 2011 to October 2011, with a concomitant extension of the current pre-trial conference date of June 16, 2011 to a date more closely aligned with an October trial date and the deadlines in Sections 4, 7 and 8 of the Scheduling Order. If the Court is amenable to such a request, the parties propose extending the discovery deadlines set forth in Sections 4, 7 and 8 to the new deadlines outlined in the summary table below. The parties do not seek

a modification of any other provisions of the Scheduling Order, all of which are keyed off of the pre-trial conference or trial date.

8. The parties request this broader scheduling change because of recent events in BancGroup's Chapter 11 bankruptcy case and as a result of a recently discovered conflict for BancGroup's trial counsel to conduct a trial in July 2011.

9. As for the events in BancGroup's Chapter 11 bankruptcy case, on December 9, 2010, BancGroup filed a Chapter 11 plan of liquidation and accompanying disclosure statement with the Bankruptcy Court. As of the filing of this Motion, the process for deciding whether BancGroup's plan of liquidation will be confirmed or not will likely be complete by the end of March 2011. If confirmed by the Bankruptcy Court, a plan trustee would be appointed in the Chapter 11 case and that trustee would direct all litigation on behalf of BancGroup, including this action. If BancGroup's plan of liquidation is not confirmed by the Bankruptcy Court, it is possible that the Chapter 11 case would be converted to a case under Chapter 7 of the Bankruptcy Code, resulting in the appointment of a Chapter 7 trustee who would direct all litigation on behalf of BancGroup, including this action. In either event, it is possible that a new party in interest would be substituted as plaintiff in this matter.

10. Whether a successor-in-interest retains other trial counsel to try this matter or continues to retain BancGroup's existing counsel, BancGroup believes that its interests would be prejudiced by a denial of the relief requested in this Motion. If a successor-in-interest retains BancGroup's existing counsel, counsel has recently discovered a conflict for conducting a trial in July 2011 and respectfully requests a change in the trial term for this matter. If a successor-in-interest to BancGroup retains other trial counsel, BancGroup believes that this successor-in-interest could be significantly prejudiced if the Court denied the relief requested herein in that the current deadlines set forth in the Scheduling Order would not provide a new party (with new counsel) enough time to become familiar with this litigation. No current party to this litigation would be prejudiced by the Court's granting of this Motion given the joint request for a scheduling change.

11. The following table is meant to summarize this broader scheduling change:

| Broad Request for Modified Schedule | | | |
|---|---|---|---|
| **Scheduling Order Provision** | **Event** | **Current Date** | **Proposed Date** |
| Section 1 | Trial Term | July 2011 (trial term) | October 2011 (trial term) |
| Section 1 | Pre-trial Conference | June 16, 2011 | September 2011 (TBD) |
| Section 4 | Amend Pleadings | January 20, 2011 | March 1, 2011 |
| Section 7 | Discovery Cut-Off | April 22, 2011 | August 5, 2011 |
| Section 8 | Expert Reports | January 14, 2011<br>February 15, 2011 | May 16, 2011<br>June 16, 2011 |

## Conclusion

12. BancGroup and the FDIC-Receiver respectfully request that the Court grant the request for a broad scheduling change set forth herein and such other and further relief as may be just and proper.

13. Pursuant to Rule II.C.3 of this Court's Administrative Procedures, Attorney Rufus T. Dorsey, IV certifies that he has the express permission and agreement of counsel for the FDIC-Receiver to affix his respective electronic signature hereon and further certifies that the parties are in agreement on the relief requested herein.

| | |
|---|---|
| Dated: Montgomery, Alabama<br>       December 22, 2010 | Respectfully submitted, |
|  /s/ Rufus T. Dorsey, IV<br>Rufus T. Dorsey, IV<br>C. Edward Dobbs<br>Parker, Hudson, Rainer & Dobbs LLP<br>1500 Marquis Two Tower<br>285 Peachtree Center Avenue, N.E.<br>Atlanta, Georgia 30303<br>T: (404) 523-5300<br>F: (404) 522-8409<br><br>Attorneys for The Colonial BancGroup, Inc. |  /s/ Michael A. Fritz, Sr.<br>Michael A. Fritz, Sr.<br>Fritz & Hughes LLC<br>7020 Fain Park Drive Suite 1<br>Montgomery, Alabama 36117<br>T: (334) 215-4422<br><br>    - and -<br><br>John J. Clarke, Jr.<br>DLA Piper LLP (US)<br>1251 Avenue of the Americas<br>New York, New York 10020-1104<br>T: (212) 335-4500<br>F: (212) 335-4501<br><br>Attorneys for the<br> Federal Deposit Insurance Corporation<br> as Receiver for Colonial Bank |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was electronically served on December 22, 2010, by transmission of Notices of Electronic Filing generated by CM/ECF to persons registered as of issuance of filing as set forth below:

C. Edward Dobbs (ced@phrd.com)

Jeremy R. Johnson (jeremy.johnson@dlapiper.com)

John J. Clarke, Jr. (john.clarke@dlapiper.com)

J. Dorman Walker, Jr. (dwalker@balch.com)

Michael A. Fritz, Sr. (bankruptcy@fritzandhughes.com)

Michael D. Hynes (michael.hynes@dlapiper.com)

Spencer D. Stiefel (spencer.stiefel@dlapiper.com)

Thomas R. Califano (thomas.califano@dlapiper.com)

W. Clark Watson (cwatson@balch.com)

Dated: December 22, 2010  */s/ Rufus T. Dorsey, IV*
One of the Attorneys for The Colonial BancGroup, Inc.

C. Edward Dobbs, Esq.
Rufus T. Dorsey, IV, Esq.
PARKER, HUDSON, RAINER & DOBBS LLP
1500 Marquis Two Tower
285 Peachtree Center Avenue NE
Atlanta, Georgia 30303
(404) 523-5300
(404) 522-8409
edobbs@phrd.com
rdorsey@phrd.com