UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| THE COLONIAL BANCGROUP, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE<br>CORPORATION, as Receiver<br>for Colonial Bank,<br><br>        Defendant. | Case No. 2:10-cv-0198 (MHT) |
| In                                                                       re<br><br>THE COLONIAL BANCGROUP, INC.,<br><br><br><br>        Debtor. | Case No. 2:10-cv-0409 (MHT) |

ORDER ESTABLISHING PROTOCOL FOR DOCUMENT PRODUCTION
AND PRESERVATION OF APPLICABLE PRIVILEGES

      This matter came on for consideration by the Court upon the *Joint Motion for an Order Establishing a Protocol for Production of Documents Without Waiver of Potentially Applicable Privileges* (the "Motion") filed by The Colonial BancGroup, Inc. ("BancGroup"), Federal Deposit Insurance Corporation, as receiver for Colonial Bank (the "FDIC-Receiver"), and Branch Banking and Trust Company ("BB&T") (collectively, BancGroup, the FDIC-Receiver, and BB&T are referred to herein as the "Parties."). On the basis of the Motion and the Parties' other representations and submissions with respect to the Motion, the Court hereby finds:

      A.    On August 14, 2009, Colonial Bank was closed by the Alabama State Banking Department, and the FDIC-Receiver was appointed as its receiver. Upon its appointment as

receiver, pursuant to 12 U.S.C. § 1821(d)(2)(A)(i), the FDIC-Receiver succeeded, *inter alia*, to all rights, titles, powers and privileges of Colonial Bank.  As of that date, the FDIC-Receiver and the Federal Deposit Insurance Corporation in its corporate capacity entered into a purchase and assumption agreement with BB&T under which BB&T acquired certain assets and assumed certain liabilities of Colonial Bank.

   B.  As a result of the purchase and assumption agreement, BB&T has possession of certain records, including records that may be subject to claims of privilege.  The FDIC-Receiver also retained certain records, or copies thereof.  Some of the records retained by the FDIC-Receiver also may be subject to claims of privilege.

   C.  On August 25, 2009 (the "Petition Date"), BancGroup filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Alabama (the "Bankruptcy Case").  Prior to the receivership both BancGroup and Colonial Bank had their headquarters and conducted business at 100 Colonial Bank Boulevard, Montgomery, Alabama 36117.  BancGroup was the holding company for Colonial Bank prior to the order closing Colonial Bank.

   D.  On March 5, 2010, BancGroup filed the complaint commencing *The Colonial BancGroup, Inc. v. Federal Deposit Insurance Corporation,* 10-cv-00198-MHT-DHW (the "FIRREA Action").  On March 4, 2010, BancGroup objected to the amended proof of claim filed by the FDIC-Receiver in the Bankruptcy Case; thereafter, the reference with respect to that contested matter was withdrawn to this Court and that matter is now pending as *In re The Colonial BancGroup, Inc.*, No. 2:10-cv-0409 (MHT) (the "Claim Objection") (together with the FIRREA Action referred to as the "District Court Litigation.").  The Court previously ordered

that any discovery taken in the FIRREA Action or in the Claim Objection may be used in both matters.

E.  Separately, BancGroup and BB&T are party to two adversary proceedings pending before the United States Bankruptcy Court for the Middle District of Alabama (the "Bankruptcy Court"), captioned *The Colonial BancGroup v. Branch Banking & Trust Company*, Adv. Pro. Nos. 11-03022 and 11-03026 (the "BB&T Adversary Proceedings"). On September 16, 2011, BB&T filed a third party complaint against the FDIC-Receiver and the Federal Deposit Insurance Corporation in its corporate capacity in the second of these adversary proceedings, No. 11-3026. That proceeding was withdrawn to this Court on September 29, 2011 and is currently pending under Case No. 11-3580. Certain claims asserted by BancGroup against BB&T in the BB&T Adversary Proceedings substantially overlap with certain claims that have been asserted by BancGroup against the FDIC-Receiver in the FIRREA Action. Additionally, on or about June 3, 2011, BancGroup served a subpoena *duces tecum* seeking discovery from BB&T in the District Court Litigation (the "BB&T Subpoena").

F.  On or about June 17, 2011, BancGroup served its First Request for Production of Documents to the FDIC-Receiver (the "Requests") in the District Court Litigation.

G.  Some materials that may be responsive to the Requests or to the BB&T Subpoena may be subject to claims of privilege held by Colonial Bank or BancGroup. BancGroup likely had access to such materials at the time that they were created and, in many instances, may have shared Colonial Bank's privilege that may be applicable to such materials. The FDIC-Receiver succeeded by operation of law to any privilege held by Colonial Bank. As the "Assuming Bank" under the purchase and assumption agreement with the FDIC-Receiver, BB&T has had possession of records that may be privileged.

H.     The Parties reserve all rights and arguments as to whether each other party can claim to share privileges held by BancGroup, Colonial Bank, or the FDIC-Receiver. While reserving the right to dispute such issues if necessary at a later time, the Parties wish to employ a methodology for allowing the BancGroup, the FDIC-Receiver and BB&T to produce documents to one another in the Bankruptcy Case, the District Court Litigation, and the BB&T Adversary Proceedings without waiving applicable privileges that may be claimed by any of the Parties while minimizing delay and expense that would arise from pre-production review for such privileges.

NOW THEREFORE, it is hereby ORDERED:

1.     In accordance with Federal Rule of Evidence 502(d), production of documents by the FDIC-Receiver, BancGroup or BB&T shall be made in the following method of production (the "<u>Production Protocol</u>"):

(a)     The FDIC-Receiver, BancGroup and BB&T shall not be required or expected to review documents they intend to produce for attorney-client privilege, work product or other privilege, protection or immunity from disclosure (collectively, "<u>Privilege</u>") prior to production. Each of the Parties shall each retain the right to subsequently assert Privilege as set forth below.

(b)     The FDIC-Receiver, BancGroup and BB&T shall have the right to assert a Privilege, if such party believes in good faith any is applicable, over any document that one of them produces in discovery in the Bankruptcy Case, District Court Litigation, or the BB&T Adversary Proceedings within a reasonable time after: (1) such document or information is referenced in any of those respective proceedings by one of the other parties as an exhibit, whether at deposition, trial, as an attachment to a filing with this Court, or otherwise; (2) a

statement by the FDIC-Receiver, BancGroup or BB&T, as the case may be, that it intends to disclose the document or information to any party other than the FDIC-Receiver, BancGroup or BB&T; or (3) learning that a particular produced document is subject to a good faith claim of Privilege.

(c)     If the FDIC-Receiver, BancGroup or BB&T notifies the other parties that it is asserting a claim of Privilege within a reasonable time after one of the conditions identified above, then the notified parties will collect the document(s) and any copies of such document(s) containing the assertedly Privileged information (whether tangible or intangible) and segregate that information or return it to the party asserting the Privilege.  Pending any resolution of the Privilege claim by the Court, the notified parties will not review, use, or reference in any legal proceedings the assertedly Privileged information except to present to the Court for *in camera review* for resolution of the claim of Privilege.

(d)     Notwithstanding the foregoing, if the FDIC-Receiver, BancGroup or BB&T asserts a claim of Privilege as to any of produced document for the first time during the course of, or within one business day before, a deposition in these matters, then the notified parties shall be permitted to question the witness during that deposition with respect to the document as to which Privilege has been asserted provided that it is evident from the face of the document at issue that the witness prepared, received or previously reviewed the document.  That portion of the transcript of the deposition involving the questioning regarding those materials shall be deemed to be sealed until the Court has reviewed the document *in camera* and entered a further order resolving any dispute with respect to the claim of Privilege as to such document.

(e)     The return or segregation of any document claimed to be Privileged shall not constitute an acknowledgement by the notified parties that the claimed document is in fact

Privileged. The notified parties may present the document to the Court for an *in camera* determination of the claim that the document is Privileged.

   (f) None of the Parties will assert in any form or proceeding that the production of documents in accordance with this protocol constitutes a waiver of any applicable Privilege. None of the Parties will use such production of documents as a basis to argue subject matter waiver or waiver based on "selective disclosure" or similar doctrines.

   (g) None of the Parties, nor their respective counsel, will distribute documents produced in accordance with this protocol to any other person or entity other than witnesses or potential witnesses (or their counsel), the Parties' respective employees, agents, counsel, experts, consultants, litigation support services (each as needed to prosecute and defend claims in the District Court Litigation or the BB&T Adversary Proceedings), and court officials or court reporting personnel in connection with such actions absent the consent of the party that produced the document or further order of this Court. For the avoidance of doubt, subject to paragraphs (c), (d), and (h), nothing in this paragraph is intended to restrict the use of documents in the Bankruptcy Case or adversary proceedings associated with the Bankruptcy Case, the District Court Litigation, or the BB&T Adversary Proceedings or require filings to be made under seal.

   (h) Notwithstanding any other provision herein, if the FDIC-Receiver, BancGroup or BB&T reviews a document produced by one of the other Parties pursuant to this Protocol and it appears to the reviewing party to be Privileged information for which the reviewing party is not a holder of the Privilege, the reviewing party shall immediately cease such review and return all copies thereof to the holder of the Privilege (and the reviewing party shall not review, use, or reference in any legal proceedings such documents except to present to the

Court for *in camera review* as described above for purposes of challenging the claim of Privilege).

2. The Court finds that the Production Protocol is both a reasonable and prudent means of protecting any Privileged information. The Court further finds that compliance with this Order shall constitute due and appropriate diligence on the part of the party producing documents and its counsel in protecting any Privilege. Pursuant to Federal Rule of Evidence 502(d), the production of documents and information pursuant to this Production Protocol does not constitute, and shall not be deemed to constitute, a waiver of any attorney-client privilege, work product, or any other applicable privilege or immunity from disclosure as to any parties or non-parties in this Court or in any other Federal or State proceeding (including any governmental investigation).

IT IS SO ORDERED this 14th day of October, 2011.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge