UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| THE COLONIAL BANCGROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Colonial Bank, <br><br> Defendant. | Case No. 2:10-cv-0198 (MHT) |

**RESPONSE OF THE FDIC-RECEIVER TO NOTICE OF SUPPLEMENTAL
AUTHORITY FILED BY THE COLONIAL BANCGROUP, INC.**

The Federal Deposit Insurance Corporation, as receiver for Colonial Bank (the "FDIC-Receiver"), respectfully submits this response to the putative notice of supplemental authority filed by plaintiff The Colonial BancGroup, Inc. ("BancGroup") on February 2, 2012 [Doc. No. 161].

1. BancGroup's latest notice is, in fact, yet another inappropriate and impermissible surreply brief filed in obvious disregard for the Court's scheduling orders in these matters. The serial supplemental filings by BancGroup on these motions have caused the FDIC-Receiver to expend additional resources unnecessarily. The current surreply was filed after the Court heard oral argument on the pending motions for summary judgment and, once again, was filed by BancGroup without obtaining prior leave of the Court. For the same reasons that were set forth in support of the FDIC-Receiver's motion to strike BancGroup's last surreply brief, the Court should disregard BancGroup's most recent "notice" because it is procedurally improper. *See* Motion of the FDIC-Receiver to Strike Notice of Supplemental Facts Filed by The Colonial BancGroup, Inc. [Doc. No. 156].

2. The "authority" discussed in the notice is not authority at all. As the materials filed by BancGroup themselves make clear, the bankruptcy court in the *IndyMac* litigation has not yet issued any written opinion on the questions discussed. Further, its decision, whenever it eventually is issued, will be in the form of a report and recommendation to the district court. The FDIC as receiver for IndyMac Bank, F.S.B. will file objections to that report and recommendation if it is consistent with the bankruptcy court's tentative rulings.

3. Even as unauthoritative observations by a lower level court in a different district involving different facts, the musings of the *IndyMac* bankruptcy court in its tentative rulings and in its comments during argument are not persuasive. The bankruptcy court's comments exhibit a fundamental disregard for binding Ninth Circuit authority, for applicable federal statutes and regulations, including 12 U.S.C. § 371c, and for established common law principles of contract interpretation.

## **CONCLUSION**

The materials submitted by BancGroup are neither authoritative nor persuasive. The notice should be disregarded in its entirety or, if it is considered by the Court, should be given no weight.

Dated: Montgomery, Alabama　　　　　　　　Respectfully submitted,
　　　　　February 3, 2012

　　　　　　　　　　　　　　　　　　　　　 /s/ Michael A. Fritz, Sr.
　　　　　　　　　　　　　　　　　　　　　Michael A. Fritz, Sr.
　　　　　　　　　　　　　　　　　　　　　michael@fritzandhughes.com
　　　　　　　　　　　　　　　　　　　　　Fritz, Hughes & Hill LLC
　　　　　　　　　　　　　　　　　　　　　1784 Taliaferro Trail, Suite A
　　　　　　　　　　　　　　　　　　　　　Montgomery, Alabama  36117
　　　　　　　　　　　　　　　　　　　　　(334) 215-4422

　　　　　　　　　　　　　　　　　　　　　John J. Clarke, Jr.
　　　　　　　　　　　　　　　　　　　　　Thomas R. Califano
　　　　　　　　　　　　　　　　　　　　　Michael D. Hynes
　　　　　　　　　　　　　　　　　　　　　Spencer D. Stiefel
　　　　　　　　　　　　　　　　　　　　　DLA Piper LLP (US)
　　　　　　　　　　　　　　　　　　　　　1251 Avenue of the Americas
　　　　　　　　　　　　　　　　　　　　　New York, New York  10020-1104
　　　　　　　　　　　　　　　　　　　　　(212) 335-4500

　　　　　　　　　　　　　　　　　　　　　Attorneys for the
　　　　　　　　　　　　　　　　　　　　　  Federal Deposit Insurance Corporation,
　　　　　　　　　　　　　　　　　　　　　  as Receiver for Colonial Bank

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies he is one of the attorneys for defendant FDIC-Receiver and that on February 3, 2012, a true and correct copy of the foregoing document was filed with this Court's ECF system in this action, which will cause the electronic service of this document upon all persons registered in this action to receive CM/ECF notifications as of its filing to include the following:

Andrew P. Campbell     acampbell@lspclaw.com, joden@lspclaw.com, scarew@lspclaw.com

Benjamin I. Finestone     benjaminfinestone@quinnemanuel.com, jdf@phrd.com

Brent William Herrin     bherrin@cpmas.com, klemons@cpmas.com, lzebrowitz@cpmas.com

Caroline Smith Gidiere     cgidiere@lspclaw.com, joden@lspclaw.com, scarew@lspclaw.com

David L. Elsberg     davidelsberg@quinnemanuel.com,

Elizabeth V Tanis     etanis@kslaw.com, madams@kslaw.com

Ethan Tyler Tidmore     etidmore@babc.com, cleuschner@babc.com

Geoffrey Michael Ezgar     gezgar@kslaw.com

Jonathan W. Jordan     jjordan@kslaw.com, mheinz@kslaw.com

Kevin S. Reed     kevinreed@quinnemanuel.com,

Nicholas Christian Glenos     cglenos@babc.com

Peter E. Calamari     petercalamari@quinnemanuel.com,

Philip Henry Butler     pbutler@babc.com, cmstewart@babc.com, scarmichael@babc.com

Tabor Robert Novak , Jr     tnovak@ball-ball.com

Thomas Parker Griffin , Jr     pgriffin@babc.com, swillis@babc.com

Xochitl Strohbehn     xochitlstrohbehn@quinnemanuel.com,

And by placing a photocopy, postage paid in the U.S. Mail to:

Stephen D. Wadsworth
Leitman Siegal Payne & Campbell PC
420 N. 20th Street; Suite 2000

Birmingham, AL 35203

                                        /s/ Michael A. Fritz, Sr.
                                        Michael A. Fritz, Sr.